**GRIFFEN BUICK, Inc., a corporation, and J. W. Nation, Appellants,**

**v.**

**London EVANS, Administrator of the Estate of General Grant Greer, Jr., Deceased, Appellee.**

**GRIFFEN BUICK, Inc., a corporation, and J. W. Nation, Appellants,**

**v.**

**London EVANS, Administrator of the Estate of Rubby Greer, Deceased, Appellee.**

**No. 14749.**

United States Court of Appeals Ninth Circuit.

Jan. 10, 1956.

Gust, Rosenfeld, Divelbess & Robinette, James F. Henderson, Phoenix, Ariz., for appellants.

C. Ray Robinson, William B. Boone, San Francisco, Cal., Thomas L. Berkeley, Berkeley, Cal., Clark & Clark, Ronald Webster, Jr., Phoenix, Ariz., for appellees.

Before HEALY, POPE, and LEMMON, Circuit Judges.

PER CURIAM.

These are consolidated appeals from judgments awarding damages on account of the death of two persons in a highway collision. The deceased were traveling at night in a motor car being operated by one of them. Their car collided with a tow car and a trailer belonging to appellant Griffen Buick and being operated on its behalf by appellant Nation, Griffen Buick's employee.

The cause was tried to the court, sitting without a jury. The court found that Nation wantonly and willfully placed the tow car in such position on the highway as to imperil the lives of per-

sons traveling thereon, and that he negligently failed to place suitable warnings of its location and presence. It found that as a direct and proximate consequence thereof the car in which appellee's intestates were traveling collided with the tow car and trailer, thus causing their death. It further found that appellee's intestates were themselves free of negligence.

These findings have substantial support in the record, and the judgments are accordingly affirmed.